UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60794-AUGUSTIN-BIRCH

**GLENN EDWARD MCKENNIE, JR.,**

    **Plaintiff,**

v.

**USA,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION TO**
**<u>DISMISS COMPLAINT WITHOUT PREJUDICE</u>**

This matter comes before the Court on a *sua sponte* review of the Complaint. Plaintiff Glenn Edward McKennie, Jr. sues "USA" and seeks relief in the form of "Sentencing, Fines or Both to All USA People Involved." DE 1 at 2, 5. In the "Statement of Claim" portion of the Complaint, Plaintiff handwrote "False claims, other [illegible] of suit., Federal government is claiming me to be someone I am not Identity/Name of. Also has Imprisonment/Arrest me couple of Times For years. Illegal Activities, violated rights. I provided information That was correct, but was Imprisonment/Arrested." *Id.* at 5. Plaintiff attached to the Complaint a document titled "Illegal Activities" that is wholly incomprehensible. DE 1-2.

"[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (explaining that a complaint is frivolous when it is without arguable merit in either law or fact); *see also Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (stating that "a district court has the inherent power to dismiss an action that is so patently lacking in merit as to be frivolous" (quotation marks omitted)). Exercising this inherent power, several Judges in this District have dismissed as frivolous complaints

Plaintiff filed that contained rambling and incomprehensible allegations bearing no discernible connection to any cause of action.  *E.g., McKennie v. U.S.*, 0:24-cv-61929-JEM, docket entry 3 (S.D. Fla. Oct. 21, 2024); *McKennie v. Lee*, 0:24-cv-61927-DPG, docket entry 4 (S.D. Fla. Oct. 18, 2024); *McKennie v. FCI Colman Medium*, 1:24-cv-20069-WPD, docket entry 3 (S.D. Fla. Jan. 10, 2024).  Plaintiff has also been advised that, if he is challenging the legality of a conviction or sentence, he must do so through a motion to vacate filed under 28 U.S.C. § 2255.  *McKennie v. Lee*, 0:24-cv-61927-DPG, docket entry 4 at 3 (S.D. Fla. Oct. 18, 2024).

      The Court concludes that Plaintiff's instant Complaint is equally incomprehensible and frivolous.  And if Plaintiff is challenging a conviction or sentence, he must do so through a motion to vacate.  Accordingly, the Court recommends that Plaintiff's Complaint [DE 1] be dismissed without prejudice as frivolous.  The Court further recommends that this case be closed.  **The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at the address listed below and to make a notation of such on the docket.**

      Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of June, 2025.

                                                                PANAYOTTA AUGUSTIN-BIRCH
                                                               UNITED STATES MAGISTRATE JUDGE

Copy furnished to:
Glenn Edward McKennie, Jr.
General Delivery
Fort Lauderdale, FL 33310